IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

In the matter of:                              )
                                               )
SHONDA LOVE WHITE                              )    Chapter 13
812 MANDARIN DRIVE                             )    Case No.        17-40856-MJK
HINESVILLE, GA 31313                           )
                                               )
                    Debtor(s)                  )

### OBJECTION TO CONFIRMATION BY CHAPTER 13 TRUSTEE

NOW COMES O. Byron Meredith III, Chapter 13 ("Trustee") in the above-styled case, and objects to confirmation of the proposed Chapter 13 Plan for reason(s) stated herein:

**1.  The Debtor is paying Grow Financial Federal Credit Union a total of $10,393.52, plus interest, through the Plan for a 2011 Kia Soul. It does not appear that this property is necessary for the Debtor's effective reorganization.   The Trustee requests an amended Plan to surrender all interest in the personal property; or, alternatively, if the Debtor wishes to retain this property, the Trustee requests a matching payment to unsecured creditors under the Plan.**

**2.  The Debtor testified at the meeting of creditors that the 20 year old son that she claimed as a dependent is no longer living with her and she now is a household of one. The Trustee requests that the Debtor file an Amended Form 122C-1 & 2 to correct the household number, which will impact the disposable monthly income.**

**3.  The Debtor is a household of one; however, is proposing to retain and pay for two (2) vehicles through the Chapter 13 Plan and is deduction an ownership expense on Form 122C-2 for the second vehicle.  Although the retention of two (2) vehicles by a single debtor is not per se impermissible under the Bankruptcy Code, in the instant case, the Debtor proposes a $0.00/0.00% dividend to unsecured creditors.   See In re Brown, 546 B.R. 642, 2016 Bankr. LEXIS 700 (Bankr. E.D.N.C. Mar. 4, 2016)  The Trustee requests that the Debtor file an Amended Form 122C-2 and delete the ownership expense for the second vehicle.  This change will impact the disposable monthly income.**

**4.  The Debtor is above median and must remain in a 60 month Plan.  Until the corrections requested in 2 & 3 above, the Trustee is unable to determine the disposable income and minimum required to be paid to the general unsecured.**

**5.  The Debtor testified at the meeting of creditors that returns (federal and state) for 2014 and 2015 have been filed; however, the Internal Revenue Service claims reflect the returns as "Unassessed-No Returns."  The Trustee requests the Debtor files an objection to the claim of the Internal Revenue Service, attaching a copy of the filed returns, to resolve the issues with the taxing authorities.**

WHEREFORE , the Trustee moves the Court to inquire into the above objection(s), deny confirmation of the proposed plan, and for such additional relief as may be just and proper.

This  10 day of August, 2017.

s/ LAURA A. GRIFKA, STAFF ATTORNEY
_____
s/ LAURA A. GRIFKA, STAFF ATTORNEY
Georgia Bar No. 312055
P.O. Box 10556
Savannah, GA 31412
(912) 234-5052

### CERTIFICATE OF SERVICE

I the undersigned certify that a copy of this Objection to Confirmation by Chapter 13 Trustee has been served upon the above-named debtor(s) and the parties listed below.  Unless otherwise noted below, service was made by first-class mail, postage prepaid, this 10 day of August,  2017.

s/ LAURA A. GRIFKA, STAFF ATTORNEY
_____
s/ LAURA A. GRIFKA, STAFF ATTORNEY
Office of the Chapter 13 Trustee
Post Office Box 10556
Savannah, GA 31412
(912) 234-5052

SHARI L SMITH & ASSOCIATES
_____
By Electronic Noticing